NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRUCE L. JENNINGS, SR.,            :
                                   :   Civil Action No. 06-5025 (JLL)
              Petitioner,          :
                                   :
         v.                        :        O P I N I O N
                                   :
GRACE ROGERS, et al.,              :
                                   :
              Respondents.         :

APPEARANCES:

     BRUCE L. JENNINGS, SR., Petitioner pro se
     Special Treatment Unit
     #277
     30-35 Hackensack Avenue, P.O. Box 699
     Kearny, New Jersey 07032

     DAVID L. DACOSTA, ESQ.
     Office of the N.J. Attorney General
     25 Market Street, P.O. Box 112
     Trenton, New Jersey 08625

     JAMIN COOPER, ESQ.
     Somerset County Prosecutor's Office
     P.O. Box 3000
     Somerville, New Jersey 08876

     Counsel for Respondents

LINARES, District Judge

     This matter comes before the Court upon pro se petitioner,

Bruce L. Jennings, Sr.'s ("Jennings") motion for reconsideration

of this Court's May 6, 2008 Opinion and Order denying his

petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Jennings filed his motion for reconsideration on or about June 4,

2008.  The State opposed petitioner's motion with a letter response dated June 12, 2008.

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I.  BACKGROUND

On or about October 4, 2006, Jennings filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2005 New Jersey state civil commitment order under the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 et seq. Jennings alleged: (1) that the provisions of the SVPA violate due process and fundamental fairness as guaranteed under the Fourteenth Amendment because the statute is vague and overbroad in its enforcement as applied to petitioner and other similarly-situated individuals; (2) that the selection, determination, and commitment of petitioner as a sexually violent predator ("SVP") violated his rights to due process, equal protection and fundamental fairness, in violation of the Fourteenth Amendment; (3) that he was denied due process because he did not receive notice, a fair hearing and the right to counsel when he was initially transferred to the Special Treatment Unit ("STU")

2

before his criminal sentence had expired; (4) that he was denied effective assistance of trial counsel as guaranteed under the Sixth Amendment to the United States Constitution; (5) that he was denied the effective assistance of appellate counsel; (6) that the statutory penalties and extended imprisonment under the SVPA, as applied to petitioner, violate petitioner's right against compulsory self-incrimination, retaliation, ex post facto laws and double jeopardy; and (7) that petitioner was denied a fair civil commitment hearing.

The State responded to the petition, arguing that petitioner's claims were either without substantive merit or that petitioner failed to state a cognizable federal constitutional violation. The State also argued that the petition was time-barred, and that petitioner's claims regarding the July 2003 commitment proceedings were rendered moot by Jennings' October 2005 commitment review hearing.

In an Opinion and Order filed on May 6, 2008, this Court rejected the respondents' defenses that the petition was time-barred and moot. However, the Court also found no merit to petitioner's claims for relief. The Court need not reiterate its findings as they are set forth at length in the May 6, 2008 Opinion.

Shortly after this Court issued its Opinion and Order denying the habeas petition in this matter, Jennings filed a

3

motion for reconsideration, with a request for an evidentiary
hearing and discovery.  First, Jennings argues that this Court
erred in finding that the SVPA is not vague, ambiguous or
overbroad.  Second, Jennings contends that the state courts
wrongly decided that petitioner was not deprived of due process
and equal protection of the law concerning the issue of notice
prior to his commitment.

As to his second argument, Jennings contends that there is
newly discovered evidence that would warrant an evidentiary
hearing and discovery.  Specifically, Jennings claims that he
received new evidence on May 10, 2008, from another inmate,
regarding internal management procedures that became effective on
February 4, 2008.  He claims that these new procedures
demonstrate that the selection process and practices for
commitment under the SVPA are flawed.  Jennings also states that
the 2004 internal operating procedures show that Category I
inmates who would require involuntary civil commitment
evaluations were not all selected or referred for civil
commitment.

Finally, Jennings claims that he is entitled to an
evidentiary hearing because he has demonstrated a prima facie
case of ineffectiveness of counsel.  Namely, he contends that his
counsel was ineffective because he did not rely on the 2004
internal operating procedures for selection and referral of

inmates for civil commitment proceedings under the SVPA to support his claim that petitioner was denied equal protection and due process.

The State responded to Jennings' motion for reconsideration and an evidentiary hearing by letter dated June 12, 2008. Essentially, the State argues that reconsideration should be denied because Jennings has not set forth any clear errors of law by this Court. The State also contends that petitioner's argument concerning the internal management procedures recently discovered by Jennings fails to demonstrate any error of constitutional dimension. Finally, the State argues that petitioner's "selective prosecution" argument regarding selection and referral for civil commitment proceedings under the SVPA "misperceives" the SVPA as a penal statute, which position this Court has rejected.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court for matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R.

7.1(i); <u>see</u> <u>NL Indus., Inc. v. Commercial Union Ins.</u>, 935 F. Supp. 513, 515 (D.N.J. 1996).[1]  The standard for reargument is high and reconsideration is to be granted only sparingly.  <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345; <u>see</u> <u>also</u> L.Civ.R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule." <u>Bowers v. Nat'l Collegiate Athletics Ass'n</u>, 130 F. Supp. 2d 610, 612; <u>see</u> <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  <u>See</u> <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876, 878 (D.N.J.), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989).  Thus,

---

[1]  Local Civil Rule 7.1(i) was formerly Local Rule 12(I) and Local Rule 7.1(g).

reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613.  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Oct. 6, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612; see also NL Industries, Inc., 935 F. Supp. at 513 ("Reconsideration motions ...  may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, this Court has carefully reviewed Jennings' motion for reconsideration, and finds that the arguments presented by petitioner are nothing more than another attempt to re-litigate the very same facts and legal issues previously raised by Jennings in his habeas petition.  These issues were thoroughly examined and considered by this Court in a lengthy Opinion that discussed each claim in turn.

Specifically, Jennings does not point to any "new" or "overlooked" factual or legal issue that may alter the disposition of the matter, as required in a motion for reconsideration.  He simply disagrees with this Court's decision, and reiterates the same facts and legal arguments raised before in another effort to have this Court change its mind.  Moreover, the "newly discovered" evidence of the Department of Corrections' internal management procedures, whether they be the recently effective procedures or the 2004 procedures, do not serve to show that this Court erred in determining that petitioner was not deprived of any federal constitutional rights during his civil commitment proceedings, or the selection process leading thereto.

Therefore, this Court finds that Jennings fails to present any new facts or evidence, or even "overlooked" facts or legal issues, to satisfy the threshold for granting reconsideration. He simply repeats the very same facts and legal arguments that this Court already had determined to be meritless in denying

8

habeas relief, and he attempts to rely on "new" evidence that would not alter this Court's disposition on the issues raised in the petition.

Further, Jennings has not presented the Court with changes in controlling law, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice in this instance.  Accordingly, Jennings' only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## III. CONCLUSION

Therefore, for the reasons expressed above, Jennings' motion for reconsideration, an evidentiary hearing and discovery is denied for lack of merit.  An appropriate Order follows.

Date: Sept. 22, 2008

_____
Jose L. Linares
United States District Judge